# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**TESHEA MEADOWS,**
**Claimant Below, Petitioner**

**FILED**
September 10, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 11-1700** (BOR Appeal No. 2046028)
                         (Claim No.2009088656)

**PRINCETON MEMORIAL,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Teshea Meadows, by Gregory S. Prudich, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Princeton Memorial, by Lisa A. Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 17, 2011, in which the Board affirmed a June 8, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 23, 2009, decision granting Ms. Meadows a 2% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Meadows suffered an injury to her right knee and left ribs when she fell on the sidewalk. The claim was held compensable for contusion of trunk (left ribs) and fracture of patella (right knee). Dr. Bachwitt and Dr. Guberman found Ms. Meadows to have reached maximum medical improvement. On November 13, 2009, Dr. Bachwitt concluded that Ms. Meadows had a 2% whole person impairment. On July 29, 2010, Dr. Guberman recommended Ms. Meadows receive an additional 2% permanent partial disability award over the previously granted 2%. On January 21, 2011, Dr. Soulsby concluded that Dr. Bachwitt properly rated Ms. Meadow's impairment and that Dr. Guberman improperly rated Ms. Meadows's impairment by combining two evaluation methods to calculate her impairment.

1

The Office of Judges affirmed the claims administrator's decision and held Ms. Meadows was entitled to a 2% permanent partial disability award. On appeal, Ms. Meadows argues that Dr. Bachwitt's medical evaluation is questionable because he found she had reached maximum medical improvement when she still had stitches in her wound and was still receiving active treatment. She further argues that Dr. Soulsby simply comments on the reports of Dr. Bachwitt and Dr. Guberman instead of providing his own independent opinion. Princeton Memorial maintains that Dr. Guberman's recommendation is unreliable because it is not supported by the American Medical Association's *Guides to the Evaluation of Permanent Impairment,* (4th ed. 1993), and asserts Dr. Bachwitt's recommendation is reliable because he examined Ms. Meadows nearly four months after surgery.

The Office of Judges relied on Dr. Bachwitt's report, and determined it was entitled to greater evidentiary weight than the reports of Dr. Guberman and Dr. Soulsby, because it best demonstrated that the evaluation and examination was conducted in accordance with American Medical Association's *Guides to the Evaluation of Permanent Impairment,* (4th ed. 1993). The Office of Judges discredited Dr. Soulsby's report because he rated Ms. Meadows as having a 2% impairment under Table 41 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment,* (4th ed. 1993), and it determined that the lowest classification allowed under Table 41 is 4%. It also concluded that Dr. Soulsby failed to apportion any of the impairment to Ms. Meadows's preexisting conditions. The Office of Judges discredited Dr. Guberman's report because he used multiple evaluation methods to evaluate Ms. Meadows for a specific impairment rating and argued this was a complex case. However, the Office of Judges reasoned his argument was not persuasive because he only determined Ms. Meadows was 4% impaired, which is the mild category and the lowest classification allowed under Table 41. The Board of Review reached the same reasoned conclusions. We agree with the November 17, 2011, decision of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  September 10, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum